IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

APRIL YEAGER,

    Plaintiff,

v.

TIGER COMMISSARY SERVICES, INC.,

    Defendant.

Case No. 20-CV-00191-GKF-JFJ

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment [Doc. 22] filed by defendant Tiger Commissary Services, Inc. ("Tiger"). For the reasons set forth below, the motion is granted.

## I. Background

Plaintiff April Yeager filed this lawsuit in the District Court for Mayes County, Oklahoma on April 6, 2020. [Doc. 2-3, p. 1]. Yeager claims that Tiger maliciously prosecuted her for embezzlement [*Id.* pp. 3–4 ¶¶ 19–30], and brings a separate claim for punitive damages [*Id.* p. 4 ¶¶ 31–34].[1] Tiger removed the action to this court. [Doc. 2]. Tiger seeks summary judgment in its favor on all claims asserted by Yeager.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,

---

[1] "A plea for punitive damages is generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." *Rodebush ex. rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993).

477 U.S. 242, 248 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Further, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In considering a motion for summary judgment, "[t]he evidence and reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party." *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249). Summary judgment is appropriate only "where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Stover*, 382 F.3d at 1070 (quoting Fed. R. Civ. P. 56(c)).

### III. Undisputed Material Facts[2]

April Yeager and her ex-husband Scott Yeager were employed with Tiger as independent contractors from July 4, 2012 to February 6, 2014. April Yeager's job duties as a contractor were to collect cash from kiosks in the Mayes County Detention Center and the Mayes County Sheriff's Department and deposit the consolidation reports and monies into Tiger's account held at Arvest

---

[2] In her Response Brief, Yeager provides four "Statement[s] of Undisputed Facts" and three "Statement[s] of Disputed Facts" that collectively: (1) contest that a formal "audit" was conducted; (2) deny that Yeager took part in an embezzlement scheme; and (3) dispute Tiger's characterization that only Yeager had access to the Tiger kiosks. [Doc. 25, pp. 3–4]. The court therefore considers the portions of Tiger's third and six statements of undisputed facts that involve these issues to be contested, and considers the remainder to be undisputed.

Bank. On or around January 2013, Scott Yeager was terminated from the Mayes County Sheriff's Department, which revoked his access to the kiosks. Tiger states that April Yeager then assumed "sole responsibility" for collecting the consolidation reports and monies from the kiosks, [Doc. 22, p. 2 ¶ 3], although Yeager contests that "multiple individuals in both Tiger's and Mayes County's employ had access to keys which opened the money storage compartment of [Tiger's] kiosks, and at times could/did use said keys to access and/or remove monies," [Doc. 25, p. 3 ¶ 2].[3]

On or around January 28, 2014, Tiger discovered a discrepancy between the monies collected from the kiosks and the monies deposited into its bank account. Tiger undertook an investigation short of a formal audit[4] into the discrepancy and found that eleven deposits from July 2012 through September 2013 totaling $46,768.75 were unaccounted for, despite that amount being removed from the kiosks. Thereafter, Tiger contacted the Mayes County Sheriff's Office regarding the discrepancy. Upon request, Tiger provided information about the missing monies, Tiger's operation, and the manner in which the kiosks worked to the Mayes County Sheriff's Office and the Oklahoma State Bureau of Investigations ("OSBI").

OSBI conducted an independent investigation into the monies missing from Tiger's bank account and referred a criminal charge of embezzlement to the prosecuting attorney. In March 2017, the prosecuting attorney filed an embezzlement charge against Yeager for the monies missing from Tiger's bank account in Mayes County Case No. CF-2017-00087 (the "2017 Embezzlement Case"). [Doc. 22-2]. On March 13, 2017, the Honorable Rebecca J. Gore, Judge of the Mayes County District Court, reviewed the Probable Cause Affidavit seeking an

---

[3] That these characterizations are not necessarily inconsistent. Yeager may have had the sole *responsibility* to collect from the kiosks, even if others had *the capability* to access the kiosks.

[4] The nature and form of this "audit" is immaterial in terms of deciding this motion.

embezzlement charge against Yeager and issued an order finding that the affidavit contained sufficient facts to establish probable cause.[5] On or about May 14, 2018, the prosecuting attorney dismissed the 2017 Embezzlement Case against Plaintiff "pending further investigation." [Doc. 22-3].

On April 9, 2019, Special Agent Tammy Ferrari of OSBI filed a Probable Cause Affidavit for embezzlement charges against Yeager in Mayes County Case No. CF-2019-94 (the "2019 Embezzlement Case"). [Doc. 22-4]. On April 10, 2019, Judge Gore reviewed the April 9, 2019 Probable Cause Affidavit and found that the affidavit "contain[ed] sufficient facts showing probable cause to arrest and detain . . . [Yeager] to await further proceedings." [Doc. 22-2]. On November 15, 2019, the Mayes County District Court dismissed the 2019 Embezzlement Case because the statute of limitations had expired at the time the criminal case was refiled.

There was no determination as to guilt or innocence for either the 2017 or 2019 charges.

**IV. Summary Judgment Analysis**

"The plaintiff in a malicious prosecution action has the burden of affirmatively proving five elements: (1) the bringing of the original action by the defendant; (2) its successful termination in plaintiff's favor; (3) want of probable cause to join the plaintiff; (4) malice, and (5) damages." *Young v. First State Bank, Watonga*, 628 P.2d 707, 709 (Okla. 1981) (citing *Towne v. Martin*, 166 P.2d 98 (Okla. 1946)); *see also Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016) (same). "Malicious prosecution actions are not favored . . . , and they should not be encouraged by lax rules favoring them." *Young*, 628 P.2d at 709 (citing *Williams v. Frey*, 78 P.2d 1052 (Okla. 1938)). The second element—successful termination in plaintiff's favor—is

---

[5] Tiger cites [Doc. 22-2] as support for this proposition, but that document actually relates to the probable cause determination of the later 2019 prosecution. Regardless, Yeager does not contest this fact.

contested here. Tiger argues that the voluntary dismissal by the prosecuting attorney in the 2017 Embezzlement Case and the dismissal based on the statute of limitations running in the 2019 Embezzlement Case do not constitute successful terminations in Yeager's favor. The court agrees.

1. The 2017 Embezzlement Case

The Tenth Circuit has previously considered whether a district attorney dismissing charges by filing *nolle proseques*[6] qualifies as a successful termination in a plaintiff's favor. The Tenth Circuit, borrowing from the Restatement (Second) of Torts and other Circuits, explained that this question should be answered by analyzing whether the dismissal is "indicative of innocence":

> "Criminal proceedings are terminated in favor of the accused by the formal abandonment of the proceedings by the public prosecutor." Restatement (Second) of Torts § 659(c) (1977). But abandonment of the proceedings is ordinarily insufficient to constitute a favorable termination if "the prosecution [is] abandoned pursuant to an agreement of compromise with the accused; . . . because of misconduct on the part of the accused . . . ; [or] out of mercy requested or accepted by the accused." *Id.* § 660. These reasons for withdrawal of a charge do not necessarily constitute favorable terminations because they do not "indicate the innocence of the accused" or are at least "consistent with guilt." *Id.* cmt. a.
>
> On the other hand, the inability of a prosecutor to prove a case beyond a reasonable doubt at trial can be consistent with the innocence of the accused and can be deemed a favorable termination in favor of the accused. *Id.* cmt. d. Concluding a case cannot be proven beyond a reasonable doubt, a prosecutor might withdraw a criminal charge. One way to do this is to abandon or suspend a prosecution by "enter[ing] a *nolle prosequi* after an indictment has been found." *Id.* cmt. b.
>
> To decide whether a *nolle prosequi* constitutes a favorable termination, we look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence. *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 925 (7th Cir. 2001) ("To determine whether the proceedings against [the defendant] were terminated in his favor, we must look past the form or title of the disposition and examine the circumstances surrounding the entry of the *nolle prosequi*."). "The plaintiff has the burden of proving a favorable termination." *Washington v. Summerville,* 127 F.3d 552, 557 (7th Cir. 1997). To that end, a "bare *nolle prosse* without more is not indicative of innocence." *Id.* at 558. The "dispositive inquiry is whether the failure

---

[6] A *nolle prosequi* is "a voluntary dismissal of charges." *Cordova*, 816 F.3d at 651 (citing *Wilkins v. DeReyes*, 528 F.3d 790, 802 (10th Cir. 2008)).

>to proceed implies a lack of reasonable grounds for the prosecution." *Murphy v. Lynn,* 118 F.3d 938, 948 (2d Cir.1997) (internal quotations and brackets omitted).

*Wilkins v. DeReyes*, 528 F.3d 790, 802–03 (10th Cir. 2008) (alterations in original) (footnotes omitted).

The "indicative of innocence" approach outlined in *Wilkins* is well-reasoned and persuasive. *See Bivins v. Oklahoma ex rel. Rogers Cnty. Dep't of Human Servs.*, No. 13-CV-0802-CVE-PJC, 2014 WL 1976463, at *6 (N.D. Okla. May 15, 2014) ("To determine whether the abandonment of a charge constitutes a favorable termination, courts 'look to the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence.'" (quoting *Wilkins*, 528 F.3d at 803)). Applying the approach to the undisputed facts here, the 2017 Embezzlement Case is not a successful termination in favor of Yeager. The stated reason for the dismissal was that the state was investigating the case further. Although one interpretation of that action is that the prosecuting attorney did not believe he or she could prove their case at that time, the prosecuting attorney refiled the case in 2019. Thus, based on the surrounding circumstances, the voluntary dismissal did not imply a lack of reasonable grounds for the prosecution. The stated reason and the surrounding circumstances therefore demonstrate that the voluntary dismissal of the 2017 Embezzlement Case does not indicate that Yeager was innocent. *Cf. Wilkins*, 528 F.3d at 795, 802–03 (holding that the court could "infer innocence" and declare the *nolle prosequi* of the earlier prosecution a successful termination because of the district attorney's stated reason that the criminal cases were dismissed "because insufficient evidence existed to go forward with the prosecutions" and the surrounding circumstances of the defendants not accepting any compromise or plea or engaging in any misconduct); *see also Greenberg v. Wolfberg*, 890 P.2d 895, 904 (Okla. 1994) (holding in a

malicious prosecution case where the prior suit was a civil suit that "[d]*ismissal without prejudice is not a termination favorable to the malicious-prosecution plaintiff.*").

2. The 2019 Embezzlement Case

The Tenth Circuit has also considered whether a prosecution dismissed for timeliness reasons—there because of New Mexico's Speedy Trial Act—constituted a favorable termination. *Cordova*, 816 F.3d 645. In *Cordova*, the district attorney had tried to bring a criminal case against the plaintiff three times, each dismissed based on "a series of procedural blunders by the prosecution," including the third and final case which was dismissed on speedy trial grounds. *Id.* at 651. Applying the "indicative of innocence" test from *Wilkins*, the *Cordova* court held that the dismissal based on speedy trial grounds was not a successful termination in the plaintiff's favor. *Id.* at 650–54. The court noted that "[a]lthough the dismissal of the assault charges certainly worked to [the plaintiff's] benefit," the dismissal "was not a favorable termination under prevailing law." *Id.* at 650–51. The plaintiff had not "presented any argument that the length of the process was attributable to intentional delay or the prosecution's misgivings about the likelihood of a conviction." *Id.* at 651. Instead the "underlying charges were dismissed on technical, procedural grounds which had nothing to do with the merits of the case." *Id.* In doing so, the court affirmed the rule in *Wilkins* that "a plaintiff generally cannot maintain a malicious prosecution action unless [her] charges were dismissed in a manner indicative of innocence, even when [s]he was entitled to dismissal on statutory or constitutional grounds," noting that "[a]lthough this rule may produce a dilemma for defendants at least in some applications, it is both a standard feature of the tort of malicious prosecution and a reflection of the idea that malicious prosecution actions are disfavored at common law." *Id.* at 653.

7

The reasoning in *Cordova* is persuasive. *See also M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016) ("To satisfy the second element of this test, the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, *or technical grounds having little or no relation to the accused's guilt*." (emphasis added) (citing *Cordova*, 816 F.3d at 651–55; *Wilkins*, 528 F.3d at 802–04)). While dismissal of the 2019 Embezzlement Case certainly benefited Yeager, it was a procedural decision that did not signal her innocence to the charge. Yeager does not contest the fact that there was no determination of guilt or innocence in either of the two cases. Yeager has presented no argument that the prosecuting attorney intentionally delayed the case or that he or she had misgivings about the likelihood of conviction. A dismissal based on the statute of limitations is a technical, procedural ground that does not implicate the merits of an embezzlement case. And although Yeager relies heavily on the fact that a statute of limitations dismissal is with prejudice and the case cannot be brought again, such dismissal is not indicative of innocence. *See Young*, 628 P.2d at 709 (noting that although it is *generally* true that "dismissal with prejudice is . . . a favorable termination," there are exceptions to this rule). Therefore, the 2019 Embezzlement Case was not a successful termination in favor of Yeager.

## V. Conclusion

WHEREFORE, the Motion for Summary Judgment [Doc. 22] filed by Tiger Commissary Services, Inc. is granted.

IT IS SO ORDERED this 2nd day of March, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE